

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

January 22, 1948

Mr. Gordon H. Lloyd,               Opinion No. V-480
Executive Secretary,
Employees Retirement System,    Re:   Eligibility of employ-
Austin, Texas                          ees of the State Bar
                                       of Texas to be mem-
                                       bers of the Employees
                                       Retirement System.

Dear Mr. Lloyd:

        Your recent request for an opinion of this de-
partment is as follows:

        "Please advise if, in your opinion, the
    employees of the State Bar of Texas are eli-
    gible for membership with the Employees Re-
    tirement System."

        Section 62(a) of Article 16 of the State Con-
stitution provides, in part, that:

        "The Legislature shall have the right
    to levy taxes to provide a Retirement, Dis-
    ability and Death Compensation Fund for the
    appointive officers and employees of the
    State; . . ." (Emphasis added throughout)

        The Act passed by the 50th Legislature to car-
ry Section 62(a) of Article 16 of the Constitution into
effect is Article 6228a of Vernon's Civil Statutes. Per-
tinent provisions of the Act are as follows:

        "Section 1 . . .

        "B.    'Department' shall mean any
    department, commission, institution, or a-
    gency of the State Government.

        "C.    'Employee' shall mean any
    regularly appointed officer or employee
    in a department of the State who is em-
    ployed on a basis or in a position normal-
    'ly requiring not less than nine hundred

(900) hours per year, but shall not include members of the State Legislature or any incumbent of an office normally filled by vote of the people; nor persons on piecework basis; nor operators of equipment or drivers of teams whose wages are included in rental value paid the owners of said equipment or team; nor any person who is covered by the Teacher Retirement System of the State of Texas or any retirement system supported with State funds other than the Texas Employees Retirement System.

"D. 'Employer' shall mean the State of Texas.

"Sec. 3. The membership of said Retirement System shall be composed as follows:

"A. All persons who are employees on the date as of which the Retirement System is established shall become members as of that date as a condition of their employment unless within a period of ninety (90) days after September 1, 1947, any such employee shall file with the State Board of Trustees on a form prescribed by such Board, a notice of his election not to be covered in the membership of the System and a duly executed waiver of all present and prospective benefits which would otherwise inure to him on account of his participation in the Retirement System. The following persons shall, however, not be eligible for participation in the Retirement System:

"1. Members of the State Legislature or any incumbent of an office normally filled by a vote of the people, nor any person who is covered by the Teachers Retirement System or any retirement system supported with State funds other than the Texas Employees Retirement System.

"2. Persons employed on a piecework basis or operators of equipment or drivers of teams whose wages are included in the

Mr. Gordon H. Lloyd, page 3 (V-480)

rental rate paid the owners of said equipment or team.

"3. Employees who are employed less than nine hundred (900) hours per year.

"B. Any person who becomes an employee on or after the date of establishment of the System shall, upon the completion of nine (9) months of continuous service uninterrupted by a break of more than one month, become a member of the System as a condition of employment, provided said person is less than sixty (60) years of age at the time of completion of said nine (9) months of service. . . ."

We quote the following from the State Bar Act, Article 320a-1, Vernon's Civil Statutes:

"Sec. 2. There is hereby created the State Bar, which is hereby constituted an administrative agency of the Judicial Department of the State, with power to contract with relation to its own affairs and which may sue and be sued and have such other powers as are reasonably necessary to carry out the purposes of this Act.

"Sec. 4. Within six (6) months from the effective date of this Act, and from time to time thereafter, as to the Court may seem proper, the Supreme Court of Texas shall prepare and propose rules and regulations . . . for the conduct of the State Bar . . . .

"The Supreme Court is further empowered and it shall be its duty to prescribe fees not exceeding Four Dollars ($4) per annum per person to be paid to the Clerk of the Supreme Court to be held by him and expended by the Court or under its direction for the purpose of the administration of this Act . . ."

The State Bar is an agency of the Judicial Department of the State Government. It is, therefore, a "department" within the terms of the Act creating the

Employment Retirement System of Texas. The employees of the State Bar, then, are "employees" of the State under the Act unless specifically excluded under the definition of "employee". We find nothing in that definition keeping them, as a class, from being "employees". We are of the opinion that employees of the State Bar are eligible for membership with the Employees Retirement System if they come within the provisions of Section 3, Subsection A of the Act, supra, and are not specifically excluded thereby. They are not specifically excluded. Further, we are of the opinion that all employees of the State before the date of the establishment of the System (September 1, 1947), unless excluded from membership by Section 3, Subsection A, were not only eligible for membership but were automatically taken into the membership of the System unless within a period of ninety (90) days after September 1, 1947, such employees filed with the State Board of Trustees notices of their election not to be covered in the membership and waivers of all benefits which would otherwise inure to them by participation in the Retirement System. With reference to persons becoming State Employees on or after the date of the establishment of the System, see Section 3, Subsection B, Article 6228a, Vernon's Civil Statutes, supra.

Although the funds from which employees of the State Bar are paid are State funds, they are not administered through the State Treasury and the State Comptroller's office. In such an instance, the Legislature has made no provision, within the terms of the Retirement Act, for contributions of the State in order to match contributions of such employees. It is our opinion that the lack of such a provision at the present time does not exclude an otherwise qualified employee from membership in the System. No person who has met the qualifications of an "employee" under the terms of the Retirement Act is precluded from membership in the Retirement System because the Legislature has not yet specified the mechanics to be used in making all of the contributions of the State in matching the contributions of employees. In reaching this conclusion we reaffirm the conclusion reached in Opinion V-336, but modify the language used therein so as to conform to the view expressed in this paragraph.

## SUMMARY

The State Bar of Texas, by the terms

of Section 2, Article 320a-1, Vernon's Civil Statutes, is an "agency of the Judicial Department of the State:, and is, therefore, an "agency of the State Government" within the provisions of Article 6228a, Vernon's Civil Statutes.  Its employees, if otherwise qualified, are eligible for membership in the Employees Retirement System.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Clyde B. Kennelly
Assistant

CBK:jrb:mw

APPROVED:

Price Daniel
ATTORNEY GENERAL